Clara M. Olson, Executrix of Estate of Elmer E. Olson, Deceased, Appellant, v. Republic Metals and Roofing Materials, Inc., Appellee.

Gen. No. 45,675.

Opinion filed June 25, 1952. Released for publication July 8, 1952.

Bowden & Crowley, of Chicago, for appellant; Joseph B. Crowley, and William R. MacGreevy, both of Chicago, of counsel.

Thiess, Olson & Mecklenburger, of Chicago, for appellee; Albert F. Mecklenburger, and Ralph E. Church, Jr., both of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

This is an action for a declaratory judgment brought by plaintiff as executrix of the estate of her deceased husband Elmer E. Olson, seeking the construction of a pension agreement entered into between Olson and defendant. In ruling on defendant's motion to dismiss the amended complaint, the trial judge held that it was not subject to the interpretation for which plaintiff contends, and plaintiff having elected to stand by her pleadings, an order was entered dismissing her suit, from which she appeals.

There is substantially no dispute as to the essential facts. Olson, for many years prior to his death on July 14, 1949, was an employee of the defendant. On May 2, 1949 they entered into a written contract, the salient provisions of which may be summarized as follows: one paragraph provides that the executive, having attained the age of sixty, might, at his election, retire voluntarily from active duty with the corporation upon giving a sixty-day written notice of his intention so to do; other paragraphs of the agreement provide for compulsory retirement at times and under conditions not here involved, but in any event retirement was to become mandatory on February 28, 1951, a date that might, under certain circumstances, be deferred to February 28, 1954; and the corporation had the right to enforce retirement in the event of Olson's becoming incapacitated by illness or personal injuries and continuing for a period of three months.

Paragraph 5 provides that upon retirement and compliance with other provisions of the agreement, the executive shall be entitled to benefits outlined in the agreement, all conditioned upon his retirement; for a period of two years he was to be paid fifty per cent of his annual basic salary, in equal semimonthly installments, and, in addition thereto, for a period of five

years, fifty per cent of his share of the net-profit-sharing plan of the company for a period of five years.

Paragraph 7, upon which plaintiff solely relies, provides that "In the event of the death of the Executive at any time after he shall have attained retirement age (60 years) . . . , then any and all Retirement Benefits theretofore accrued hereunder and unpaid, if any, as well as any and all such benefits thereafter accruing shall be payable, to the same extent and at the same time or times as if the Executive had not died, to the estate of the deceased Executive and shall be paid to the Executor or Executors, Administrator or Administrators of his said estate, but not otherwise or to any other person, firm or corporation."

The agreement had been in effect for less than three months when Olson died. As stated, the complaint is based on paragraph 7, and plaintiff contends that this paragraph of the agreement is controlling. Her counsel argue, in effect, that Olson's death was equivalent to his retirement and that he was entitled to receive the same retirement benefits as though he had retired before his death. We think the trial judge properly refused to accept this interpretation. Too much reliance is placed by plaintiff upon the beginning of paragraph 7, "In the event of the death of the Executive at any time after he shall have attained retirement age (60 years)," and not enough upon the remainder of the paragraph and other provisions of the agreement. Obviously, the intent of the parties was to make a provision for retirement benefits which had accrued, as well as any which should accrue, in the event Olson had attained retirement age and actually retired, followed by his death after retirement. There is nothing in paragraph 7 providing that the executrix should receive anything that Olson would not have been entitled to if living; and of course if Olson had lived he would not have been entitled to receive retirement benefits

424

because he did not retire. Consequently, the executrix, by the terms of paragraph 7, is not entitled to receive such benefits.

The litigants devote considerable space to the rules of construction to be applied in determining the intention of the contracting parties. Reading the agreement as a whole, we think the intention of the parties to the agreement is clear and as we have indicated; therefore it would serve no useful purpose to discuss the authorities cited by the respective counsel.

Unfortunately for plaintiff, Olson had not exercised his election to retire, nor had he given notice of any intention to do so, which was one of the conditions to voluntary retirement on his part. He remained in the active service of the corporation until the day he died. Retirement was a requisite without which neither he in his lifetime nor his executrix after his death, would be entitled to receive retirement benefits.

For the reasons indicated, the order and judgment of the superior court is affirmed.

*Order and judgment affirmed.*

BURKE, P. J. and NIEMEYER, J., concur.